RACHEL E. KAUFMAN (CAL BAR NO. 259353)
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
rachel@kaufmanpa.com

*Attorney for Plaintiff and the Putative Classes*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JORGE VALDES,** individually and on behalf of all others similarly situated,<br><br>    *Plaintiff,*<br><br>*v.*<br><br>**PREFERRED GROUP PROPERTIES, INC.** a California corporation d/b/a **HARCOURTS PRIME PROPERTIES**,<br><br>    *Defendant.* | **CLASS ACTION**<br><br>**JURY TRIAL DEMAND** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jorge Valdes ("Plaintiff" or "Valdes") brings this Class Action Complaint and Demand for Jury Trial against Defendant Preferred Group Properties, Inc. d/b/a Harcourts Prime Properties ("Defendant" or "Harcourts Prime") to stop Harcourts Prime from directing realtors to violate the Telephone Consumer Protection Act by making unsolicited autodialed calls to cellular telephone numbers and/or unsolicited calls to consumers who have registered their

telephone numbers on the national Do Not Call registry, and to otherwise obtain injunctive and monetary relief for all persons injured by Harcourts Prime's conduct. Plaintiff Valdes, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## INTRODUCTION

1.     This case addresses a pervasive problem in the real estate industry: realtors' incessant cold calls to consumers in violation of the Telephone Consumer Protection Act.

2.     Harcourts Prime is an individual real estate franchise.

3.     Harcourts Prime provides training and tools to its agents to make solicitation calls to consumers to generate leads for their real estate services.

4.     Through this training, Harcourts Prime directs realtors to cold call consumers to sell them Harcourts Prime realty services.  This includes specific instructions to call consumers with expired listings, who have previously listed their properties for sale with other realtors, but whose listings with those other realtors expired without a sale of the property and never included their personal phone numbers.

5.     In addition to directly instructing realtors to make unsolicited cold calls to obtain listings, Harcourts Prime provides realtors with telephone numbers and other analytics for identifying leads to cold call and scripts for those cold calls.

6.     In Plaintiff Valdes's case, Harcourts Prime's marketing plan for realtors resulted in him receiving unsolicited, autodialed calls from 6 different Harcourts Prime realtors to his cellular phone number registered on the DNC. This all occurred after the multiple listing service listing for Plaintiff's property, which was maintained by Plaintiff's former realtor and which did not include any of

Plaintiff's telephone numbers, was removed from the multiple listing service without Plaintiff having sold his home.

7.     In response to these calls, Plaintiff Valdes files this lawsuit seeking injunctive relief, requiring Defendant to cease from directing realtors to violate, and otherwise ratifying realtors violations of the Telephone Consumer Protection Act by placing unsolicited autodialed calls to consumers, including consumers that have registered their telephone numbers on the DNC, as well as an award of statutory damages to the members of the Classes and costs.

## PARTIES

8.     Plaintiff Jorge Valdes is a resident of Tustin, California.

9.     Defendant Harcourts Prime is a California corporation with its headquarters located at 27372 Aliso Creek Rd., Aliso Viejo, CA 92656. Defendant conducts business throughout this District and throughout California.

## JURISDICTION AND VENUE

10.    This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

11.    This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because both Plaintiff and the Defendant reside in this District, Defendant does significant business in this District and the state of California, and because the wrongful conduct giving rise to this case was directed from and/or occurred in this District.

## COMMON ALLEGATIONS

### Harcourts Prime Directs Realtors to Cold Call Consumers

12.    Harcourts Prime directs realtors to use, and ratifies, realtors' use of, certain proscribed practices to market Harcourts Prime's realty services, including

CLASS ACTION COMPLAINT

unsolicited autodialed calls to cellular telephone numbers and other telephone numbers registered on the DNC.

13.     Harcourts Prime trains agents to make cold call solicitation calls to consumers. One such method is calling "expired listings." An expired listing is when a homeowner contracts with an agent to sell a home and the listing agreement has an expiration date. A listing expires when the expiration date has passed without the property being sold.  Defendant trains agents to cold call those homeowners on the day or week that their listing expires.

14.     Defendant Harcourts Prime hosted a course called KickStart 2019 at their office regarding "How to Find Expired Listings and Get the Numbers Overcoming the Fear of Making an Expired Cold Call, Getting Excited about a 'NO' and the Follow Up Process Live Role Plays with Agents Experienced in Expired Listings Live Expired Calling Session with Real Sellers Introduction of the new Harcourts Expired Listing Kit Setting Your Number for the Year Ahead."[1] This training from Harcourts Prime to realtors, includes specific instructions on cold calls expired listings

---

[1] https://harcourtsevents.com/usa/regional-events/

**CLASS ACTION COMPLAINT**

## KICKSTART 2019

Expireds. The Difference Maker for 2019.

How to Find Expired Listings and Get the Numbers
Overcoming the Fear of Making an Expired Cold Call
Getting Excited about a "NO" and the Follow Up Process
Live Role Plays with Agents Experienced in Expired Listings
Live Expired Calling Session with Real Sellers
Introduction of the New Harcourts Expired Listing Kit
Setting Your Number for the Year Ahead

### SAN DIEGO

**Date:** Thursday, January 17, 2019
**Location:** Del Mar Auction Room

REGISTER SAN DIEGO

### ORANGE COUNTY

**Date:** Thursday, January 24, 2019
**Location:** Aliso Viejo Training Room

REGISTER ORANGE COUNTY

### RENO

**Date:** Thursday, January 31, 2019
**Location:** Harcourts NV1

REGISTER RENO







1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18



19    15.    In connection with this direction to cold call consumers, Defendant

20  Harcourts Prime supplies its realtors with lists of telephone numbers and other data

21  relating to prospective leads for property listings as is detailed on Harcourts

22  Prime's website:

23
24
25
26
27
28

## Cutting-Edge
## Technology

We've created a one-of-a-kind application specifically tailored to the growing needs of today's Realtors. It's built from the ground up to make prospecting, contact management, and transaction management simple, efficient, and effective, including hundreds of leads updated daily with comprehensive data & information.



2

16.     On information and belief, Harcourts Prime does not check or scrub the lead lists it provides to realtors against the DNC and does not otherwise train realtors regarding how to scrub the lead lists or otherwise comply with the DNC's requirements.

17.     Defendant Harcourts Prime gives its agent access to its dialer system as is seen on their webpage:

https://blue.harcourtsprime.com/Dialer_UC_RecordVoicemail.aspx.[3]

18.     In addition, Defendant Harcourts Prime provides the technology, leads, training, and support to call leads like the Plaintiff in this case as is seen from Harcourts Prime's job listing below.[4]

---

[2] https://www.harcourtsprime.com/yourfuture
[3] https://blue.harcourtsprime.com/Dialer_UC_RecordVoicemail.aspx
[4]         https://www.linkedin.com/jobs/view/real-estate-agent-at-harcourts-prime-properties-1065172160/

**7**

## Real Estate Agent

**Harcourts Prime Properties** • Irvine, CA, US

⊗ This job is no longer accepting applications

---

$100,000

- $250,000 a yearPart-time*New & Established Real Estate Agents Wanted* Harcourts Prime Properties is currently hiring for our Irvine California location.We provided Technology, Leads, Training, Support, Work Place, Generous Commission Split and No Desk Fees.
- Job Types**: Full-time, Part-time
- Salary**: $100,000.00 to $250,000.00 /year

19.     Harcourts Prime also supplies its realtors with scripts for cold calling leads.

20.     Additionally, Harcourts Prime partners with vendors to provide realtors with additional cold calling training, including Mike Ferry, whose "*Coaching*" is "All About Illegal Cold-calling without Regard to the Do Not Call List"[5]:



21.     In connection with its direction to realtors to market themselves through cold calls to consumers, Harcourt also effectively promotes realtors'

---

[5]     https://www.ripoffreport.com/reports/mike-ferry-organization/las-vegas-nevada-89113/mike-ferry-organization-beware-of-mike-ferry-coaching-its-all-about-illegal-cold-call-439809

**CLASS ACTION COMPLAINT**

purchases of other lists of leads for listings and autodialers.  Harcourt does this by partnering through Mike Ferry with and/or otherwise endorsing companies such as RedX and Arch, both of which specialize in providing leads associated with properties that were previously listed on a multiple listing service, but that expired or were otherwise removed with a sale, and both of which supply an autodialer to facilitate calling the lists of leads they supply.[6]

22.    Ultimately, Harcourts Prime directs realtors to cold call consumers without consent and/or knows or should know that realtors are doing so in violation of the TCPA, but fails to stop them anyway.

## PLAINTIFF'S ALLEGATIONS

### Harcourts Prime's Realtors Made Unsolicited, Autodialed Cold Calls to Plaintiff

23.    On February 8, 2010, Plaintiff Valdes registered his cellular phone number on the DNC to avoid receiving unsolicited phone calls.  Since that time, the cellular phone number has been primarily for personal use.  Plaintiff has never held the cellular phone number out to the public in connection with a business.

24.    Valdes had a property listed for sale through a realtor, which he withdrew from the market on May 15, 2018.  The listing for Plaintiff's property never included Plaintiff's cellular phone number (or any other number associated with him) as a means for inquiring about the property.

---

[6] https://www.mikeferry.com/about/vendors/

CLASS ACTION COMPLAINT

25.    As a result of having the listing removed, Valdes started receiving calls from a multitude of Harcourts Prime realtors, including the following calls:

- May 17, 2018 at 1:59 AM from phone number 949-244-7157

- May 22, 2018 at 1:18 PM from phone number 949-677-5053

- May 22, 2018 at 1:18 PM from phone number 949-677-5053 (same agent called twice)

- May 22, 2018 at 1:54 PM from phone number 949-630-5511

- May 24, 2018 at 11:19 AM from phone number 949-283-2833

26.    Months later when Valdes' agreement with his prior realtor expired on October 29, 2018, Harcourts Prime's realtors started calling him again, including on the following call:

- October 30, 2018 at 1:24 PM from phone number 949-689-5415

27.    On one or more of these above calls, Plaintiff told them that he was on the do not call list and/or to stop calling.

28.    Plaintiff was called again on January 31, 2019 at 10:17 AM from phone number 562-884-0378

29.    Plaintiff Valdes answered all of the calls that he received on his cellular phone from the many Harcourts Prime realtors.  All of these calls were to market Harcourts Prime's realty services and to solicit Plaintiff's property listing.

30.    For example, during the January 31, 2019 call, the realtor began by introducing himself as Felix, a Harcourts Prime agent. He asked if Plaintiff was

**CLASS ACTION COMPLAINT**

still interested in selling his home. Plaintiff inquired as to how Felix received his contact information. Felix answered, explaining that it was provided through a program called Blue (which is something Harcourts Prime provides to its agents).[7] Plaintiff then told Felix not to call him again and ended the call.

31.     On information and belief, this call was autodialed because it was made from one the lead lists Harcourts Prime supplies to realtors, which are configured to be loaded into a number of different autodialers, all of which have the capacity to store and automatically dial all of the numbers from the list without human intervention and to dial multiple numbers at one time.

32.     Plaintiff does not have a relationship with Harcourts Prime or its realtors and has never consented to any contact from them. To the contrary, Plaintiff registered his cell phone number with the DNC and hired a realtor when he was trying to sell his property specifically to avoid such calls.

33.     Defendant's unauthorized telephone calls harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Valdes' use and enjoyment of his cellular phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

---

[7] On information and belief, the agent is referring to the back-end web portal provided to agents of Harcourts here: https://blue.harcourtsprime.com/

**CLASS ACTION COMPLAINT**

34.     Seeking redress for these injuries, Valdes, on behalf of himself and Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits autodialed calls to cellular phone numbers and other unsolicited calls to phone numbers registered on the DNC.

## CLASS ALLEGATIONS

### Class Treatment Is Appropriate for Plaintiff's TCPA Claims

35.     Plaintiff Valdes brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and all others similarly situated and seeks certification of the following Classes:

**Autodialed No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) one of Defendant's realtors  called, (2) on the person's cellular telephone, (3) for substantially the same reason Defendant's realtors called Plaintiff (4) using substantially the same dialing equipment as Defendant's realtors used to call Plaintiff, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call Plaintiff, or (b) it did not obtain prior express written consent.

**Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) one of Defendant's realtors called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the national Do Not Call registry for at least thirty days, (4) for substantially the same reason Defendant's realtors called Plaintiff, and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call Plaintiff, or (b) it did not obtain prior express written consent.

**Internal Do Not Call Class**: All persons in the United States who from four years prior to the filing of this action (1) one of Defendant's realtors called more than one time (2) within any 12-month period, (3) for substantially the same reason Defendant's realtors called Plaintiff.

36.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

37.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

38.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes.

Common questions for the Classes include, but are not necessarily limited to the following:

(a)     whether Defendant's realtors systematically placed autodialed telephone calls to Plaintiff and consumers;

(b)     whether Defendant's realtors systematically made multiple telephone calls to Plaintiff and consumers whose telephone numbers were registered with the DNC;

(c)     whether Defendant failed to implement policies and procedures for maintaining a list of persons who request not to be called by Defendant before engaging in telemarketing;

(d)     whether Defendant's realtors placed calls to Plaintiff and consumers without having the necessary prior express written consent required for such calls;

(e)     whether Defendant's realtors conduct constitutes a violation of the TCPA; and

(f)     whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

39.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and the Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on

behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor his counsel have any interest adverse to the Classes.

40.    **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

**CLASS ACTION COMPLAINT**

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Autodialed No Consent Class)

41.    Plaintiff repeats and realleges paragraphs 1 through 40 of this Complaint and incorporates them by reference.

42.    Defendant's realtors made unwanted solicitation calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed No Consent Class using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

43.    These solicitation telephone calls were made *en masse* without the prior express written consent of Plaintiff and the other members of the Autodialed No Consent Class.

44.    Defendant's realtors made these calls negligently or willfully and knowingly.

45.    Defendant is vicariously liable for its realtors' calls because it directed, apparently authorized, and/or ratified the realtors' actions.

46.    Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Autodialed No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**CLASS ACTION COMPLAINT**

## SECOND CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Valdes and the Do Not Call Registry Class)

47.     Plaintiff repeats and realleges paragraphs 1 through 40 of this Complaint and incorporates them by reference.

48.     The TCPA's implementing regulations provide that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."  47 C.F.R. § 64.1200(c).

49.     This regulation is "applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers." 47 C.F.R. § 64.1200(e).

50.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

51.    Defendant's realtors initiated telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the DNC.

52.    These solicitation telephone calls were made *en masse* without the prior express written consent of Plaintiff and the other members of the Do Not Call Registry Class.

53.    Defendant's realtors made these calls negligently or willfully and knowingly.

54.    Defendant is vicariously liable for their realtors' calls because it directed, apparently authorized, and/or ratified the realtors' actions.

55.    Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Do Not Call Registry Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### THIRD CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

56.    Plaintiff repeats and realleges paragraphs 1 through 40 of this Complaint and incorporates them by reference.

57.    Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such

**CLASS ACTION COMPLAINT**

person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d).

58.    The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

59.    Defendant's realtors initiated telephone solicitations to Plaintiff and members of the Internal DNC Class notwithstanding Defendant and their realtors' failure to implement internal procedures for maintaining a list of persons who request not to be called and/or by implementing procedures that do not meet the minimum standards for initiating telemarketing calls.

60.    Defendant is vicariously liable for their realtors calls because they directed, apparently authorized and/or ratified the realtors' actions.

61.    Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal DNC Class are each entitled to up to $1,500 for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Valdes, individually and on behalf of the Classes, prays for the following relief:

a.  An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b.  An award of actual and/or statutory damages for the benefit of Plaintiff and the Classes, and costs;

c.  An order declaring that Defendant's actions, as set out above, violate the TCPA;

d.  An injunction requiring the Defendant to cease all unsolicited calling activity, to implement sufficient TCPA related policies and procedures, and to otherwise protect the interests of the Classes; and

e.  Such further and other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial.

**CLASS ACTION COMPLAINT**

Respectfully Submitted,

**JORGE VALDES**, individually and on behalf of those similarly situated individuals

Dated: March 9, 2020

By: */s/ Rachel E. Kaufman*
Rachel E. Kaufman (Cal Bar no. 259353)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorney for the Plaintiff and the putative Classes*

**CLASS ACTION COMPLAINT**