1  RACHEL E. KAUFMAN (SBN 259353)
2  AVI R. KAUFMAN (*Pro Hac Vice*)
   KAUFMAN P.A.
3  400 NW 26th Street
   Miami, FL 33127
4  Telephone: (305) 469-5881
5  rachel@kaufmanpa.com
6  kaufman@kaufmanpa.com

7  *Attorneys for Plaintiff and the Proposed Classes*

8
9              UNITED STATES DISTRICT COURT
10             CENTRAL DISTRICT OF CALIFORNIA
11

| | |
|---|---|
| **JORGE VALDES,** individually and on behalf of all others similarly situated, | Case No. 8:20-cv-00469-JLS-DFM |
| *Plaintiff,* | **STIPULATION OF DISMISSAL** |
| v. | |
| **PREFERRED GROUP PROPERTIES, INC.,** | |
| *Defendant.* | |

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) Plaintiff Jorge Valdes and Defendant Preferred Group Properties, Inc. hereby stipulate to the dismissal of this action with prejudice as to Plaintiff's individual claims and without prejudice as to any other member of the putative class's right to

1

Stipulation of Dismissal
Case No. 8:20-cv-00469-JLS-DFM

bring claims, with each party to bear its own attorneys' fees and costs.

1.     Plaintiff filed this action on March 9, 2020 alleging violations of the TCPA's restrictions on unsolicited autodialed calls, calls to persons whose telephone numbers are registered on the National Do Not Call registry, and for failure to institute proper procedures, including maintaining a list of persons who request not to receive telemarketing calls.

2.     Plaintiff moved to amend the complaint on November 16, 2020 to add Harcourts Prime Preferred's President and owner as a Defendant. The motion was denied on March 31, 2021.

3.     The parties reached a settlement agreement to resolve Plaintiff's individual claims and filed a notice of settlement on May 10, 2021.

4.     The parties now seek to dismiss Plaintiff's individual claims with prejudice, and the class claims without prejudice.

5.     Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), an action may be dismissed without leave of court where the parties stipulate to dismissal. Rule 41(a)(1) is limited by Rule 23(e), governing settlement or dismissal of certified class actions.

6.     However, because this action has not been certified as a class action, Rule 23(e) review of any settlement or dismissal is inapplicable and unnecessary. *See* Fed. R. Civ. P. 23(e) adv. comm. notes, 2003 amdts. at ¶ 16 ("The new rule requires approval only if the claims, issues, or defenses of a certified class are

resolved by a settlement, voluntary dismissal, or compromise"); *see e.g.*, *Duran v. SPS Techs. LLC*, No. LA CV19-07609 JAK (MRWx), 2020 U.S. Dist. LEXIS 244782, at *3 (C.D. Cal. Dec. 30, 2020); *Del Rio v. CreditAnswers, LLC*, 2011 WL 1869881 at *2 (S.D. Cal. No. 10CV346-WQH-BLM, May 16, 2011); *Ramirez v. Cintas Corp.*, 2009 WL 921629 (N.D. Cal. No. C04-00281-JSW, April 3, 2009); *accord* 2 McLaughlin on Class Actions § 6:1 (update Dec. 2013) ("Because putative class members are not bound by any proceedings in a purported class action prior to a ruling on class certification, the new rule does not require that they receive notice of a proposed dismissal of a putative class action.").

7. If this Court decides to review the settlement despite the Advisory Committee's statement, the Court should approve it because all of the *Diaz* factors are satisfied. *Diaz v. Trust Territory of the Pac. Islands*, 876 F.2d 1401, 1407 n.3 (9th Cir. 1989). No collusion or prejudice exists as a result of the dismissal of this action and therefore, notice to any potential putative class members should not be required.

8. First, pursuant to this Stipulation, the Parties seek dismissal of the individual plaintiff's claims with prejudice, but seek dismissal of the putative class claims without prejudice. Putative class members are free to assert their own claims against Defendant should they choose to do so. The dismissal of the putative class claims without prejudice will not impact the class because they are not yet party to

3

the action or otherwise bound by the action.

9. Second, there has not been any reliance on this action by any putative class member. Plaintiff is unaware of any publicity of the pendency of this action and is unaware of any reliance on this action by any putative class member.

10. Third, there are no concerns that putative class members might be prejudiced by any rapidly approaching statute of limitations. The allegations in the Complaint concern acts as recent as January 2019. The statute of limitations for the putative class claims is four years. Therefore, the dismissal of this action will not prejudice potential putative class members in regards to any approaching statute of limitations.

11. Fourth, the terms of the settlement are not collusive and Plaintiff has not made any concession of class interests to further his own interests. Moreover, Plaintiff pursued this putative class action in good faith and did not merely append class allegations in an attempt to get a favorable individual settlement. The dismissal of the putative class claims without prejudice will not affect the rights of putative class members such that notice is necessary. "The parties do not seek to dismiss the class claims with prejudice and, therefore, they are not impacting the rights of potential class members." *Musgrave v. ICC/Marie Callender's Gourmet Prods. Div.*, No. 3:14-cv-02006-HSG, 2015 U.S. Dist. LEXIS 172290, at *7 (N.D. Cal. Dec. 28, 2015), quoting *Houston v. Cintas Corp.*, 2009 U.S. Dist. LEXIS

33704 at *6 (N.D. Cal. April 3, 2009); see Duran, 2020 U.S. Dist. LEXIS 244782, at *6 (C.D. Cal. Dec. 30, 2020). Similarly, the class claims in this case are not being dismissed with prejudice. There has been absolutely no concession of class interests in resolving this action on an individual basis. As in Duran, Musgrave and Houston, and consistent with the vast majority of cases in the same procedural posture, no notice should be required because no concession of the class's interests have been made.

12. Accordingly, as a result of this dismissal there is no prejudice to absent members of a putative class, and therefore no notice is necessary to any putative class members. The action should be dismissed (with prejudice as to Plaintiff's individual claims, and without prejudice as to the putative class claims), each party to bear their own costs and fees.

So Stipulated.

Dated: August 16, 2021

Respectfully submitted,

/s/ Rachel E. Kaufman
Rachel E. Kaufman
rachel@kaufmanpa.com
Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

5

Stipulation of Dismissal
Case No. 8:20-cv-00469-JLS-DFM

|  |  |
|---|---|
|  | *Attorneys for Plaintiff and the Proposed Classes* |
| Dated: August 16, 2021 | By: */s/ Stephen H. Turner* <br> Stephen H. Turner <br> stephen.turner@lewisbrisbois.com <br> LEWIS BRISBOIS BISGAARD & SMITH LLP <br> 633 W. 5th Street, Suite 4000 <br> Los Angeles, CA 90071 <br> (213) 250-1800 |
|  | *Counsel for Defendant* |

### ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(2)(i)

Pursuant to Local Rule 5-4.3.4(2)(i), I, Rachel Kaufman, attest that all other signatories listed and on whose behalf the filing is submitted concur in this filing's content and have authorized this filing.

By: */s/ Rachel E. Kaufman*
Rachel E. Kaufman

6

Stipulation of Dismissal
Case No. 8:20-cv-00469-JLS-DFM